**UNITED STATES of America**

v.

**Darrius EDWARDS, Appellant.**

**No. 06–2924.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 14, 2008.

Filed: April 16, 2008.

Eric B. Henson, Office of United States Attorney, Philadelphia, PA, for Appellee.

Darrius Edwards, Bruceton Mills, WV, pro se.

Before: SLOVITER, JORDAN and ALARCÓN *, Circuit Judges.

*OPINION*

SLOVITER, Circuit Judge.

Darrius Edwards, who was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), appeals the enhancement of his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Edwards also challenges the constitutionality of the felon-in-possession statute, 18 U.S.C. § 922(g).

**I.**

Edwards' vehicle was pursued by Philadelphia police officers because he failed to observe several stop signs. After his vehicle was stopped, Edwards fled on foot. During the chase, police observed Edwards discard a jacket. One of the pursuing officers retrieved the jacket, in which he found a handgun. Edwards was ultimately apprehended and he was identified by the passenger in the car as the driver and as having been in possession of the discarded gun. Thereafter, Edwards was charged as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

Edwards was convicted by a jury as charged. The District Court determined

* Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

that Edwards' two prior aggravated assault convictions and two prior drug trafficking convictions supported enhancement under the ACCA, and sentenced him to 240 months imprisonment. On appeal, we affirmed the conviction but remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The District Court resentenced Edwards under the advisory guidelines to a term of 235 months. Edwards now appeals from the judgment of sentence.[1]

## II.

Edwards' principal argument is that his two prior drug convictions do not qualify as "serious drug offenses" necessary to support an enhanced sentence under the ACCA. He also argues that the felon-in-possession statute is an unconstitutional exercise of Congress' authority to regulate interstate commerce.

Because Edwards raises only legal issues related to application of the ACCA, our review is plenary. *See, e.g., United States v. Williams*, 235 F.3d 858, 861 (3d Cir.2000). According to the ACCA, a defendant who is charged as a felon in possession under 18 U.S.C. § 922(g), "and has three prior convictions ... for a violent felony or a serious drug offense, or both"[2] is subject to a mandatory minimum sentence of fifteen years imprisonment. 18 U.S.C. § 924(e)(1). The definition of a "serious drug offense" includes a state offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," and which carries a maximum sentence of ten or more years imprisonment. *Id.*

§ 924(e)(2)(A)(ii). Courts need only look to the statutory definition of a prior conviction, and not the underlying facts, in determining whether it qualifies as a predicate conviction under the ACCA. *Taylor v. United States*, 495 U.S. 575, 600–601, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). To that end, the sentencing court may only examine prior court records to establish the predicate conviction, and may not rely upon other documents, such as police reports. *Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

In this case, the District Court properly relied on certified court records (including judgments of conviction, informations, and the charging documents) which established Edwards' prior four convictions, including the two prior drug convictions. As to the first, Edwards was convicted in 1993 following his guilty plea on one count of manufacturing, delivering or possessing with intent to manufacture or deliver a controlled substance in violation of 35 P.S. § 780–113(a)(30) and was sentenced to fifteen to thirty months imprisonment. In 1999, Edwards was again convicted of the same state law offense arising from his possession of cocaine and marijuana. He again pled guilty and was sentenced to eighteen to thirty-six months imprisonment, followed by two years of probation.

Edwards challenges the ACCA enhancement on the ground that the government failed to prove that the predicate offenses were "serious drug offenses" as defined in the statute. However, under *Taylor* and *Shepard*, the District Court need only ex-

---

1. We have jurisdiction over an appeal of a final decision of a district court pursuant to 28 U.S.C. § 1291, and over a final sentence pursuant to 18 U.S.C. § 3742.

2. Edwards argues that his drug convictions are not qualifying convictions under the ACCA, but he does not contest that his two convictions for aggravated assault are qualifying convictions.

amine the record of the prior convictions themselves, which clearly established that on at least two occasions Edwards was convicted under state law for possessing with the intent to distribute a controlled substance which carried a maximum sentence of at least ten years. *See* 35 P.S. § 780–113(f). Therefore, the District Court did not err in concluding that Edwards had two predicate convictions that qualified as serious drug offenses under the ACCA.

### III.

Edwards also challenges the constitutionality of the felon-in-possession statute, 18 U.S.C. § 922(g). Specifically, he argues that once the "commercial or interstate character of the weapon or ammunition had come to an end, Congress cannot use the Commerce Clause to regulate it." Appellant Br. at 4. We expressly rejected this argument in *United States v. Singletary,* 268 F.3d 196, 205 (3d Cir.2001) (holding that proof that "the gun had traveled in interstate commerce, at some time in the past, was sufficient to satisfy the interstate commerce element"). The record in this case established that the gun in Edwards' possession had traveled across state lines. Accordingly, the constitutionality of the felon-in-possession statute is not open to question.

### IV.

For the reasons set forth, we will affirm the judgment of sentence.